**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIN YATES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVERNORTH HEALTH, INC. and MDLIVE, INC.,<br><br>Defendants. | Case No. 2:25-cv-02773-PD |

**DEFENDANTS EVERNORTH HEALTH, INC. AND MDLIVE, INC.'S REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO THE COMPLAINT AND FOR JUDICIAL NOTICE**

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendants Evernorth Health, Inc. and MDLIVE, Inc. (together, "MDLIVE") respectfully request that the Court incorporate by reference or take judicial notice of the documents attached as **Exhibits A through J** to the **Declaration of Tiffany Cheung**, which are as follows:

- **Exhibit A**: A true and correct copy of the public webpage hosted by BigCommerce Pty. Ltd., describing the functionality of the Meta Pixel, https://support.bigcommerce.com/s/article/Meta-Pixel?language=en_US;

- **Exhibit B**: A true and correct copy of the public webpage hosted by OptimizeSmart.com, describing the functionality of Google Analytics, https://www.optimizesmart.com/sending-pageview-data-via-measurement-protocol-in-google-analytics/;

- **Exhibit C**: A true and correct copy of the myCigna user registration page, https://my.cigna.com/web/public/consumer/registration/name;

- **Exhibit D**: A true and correct copy of the myCigna authenticated home page, https://my.cigna.com;

- **Exhibit E**: A true and correct copy of the Cigna Legal and Privacy Information webpage, https://www.cigna.com/legal/members/;

- **Exhibit F**: A true and correct copy of the Cigna Privacy Notice, https://www.cigna.com/static/www-cigna-com/docs/website-privacy-notice.pdf;

- **Exhibit G**: A true and correct copy of the MDLIVE Registration Page, captured by the Wayback Machine on August 12, 2022, https://web.archive.org/web/20220812175719/https://mdlnext.mdlive.com/create-account;

- **Exhibit H**: A true and correct copy of the MDLIVE Privacy Policy, captured by the Wayback Machine on August 16, 2022, https://web.archive.org/web/20220816200749/https://www.mdlive.com/privacy-policy/;

- **Exhibit I**: A true and correct copy of the MDLIVE public home page, https://www.mdlive.com/;
- **Exhibit J**: A true and correct copy of the MDLIVE authenticated home page, https://patient.mdlive.com/.

## II. EXHIBITS C, D, G, I AND J ARE RELIED UPON IN THE COMPLAINT AND ARE SUBJECT TO INCORPORATION BY REFERENCE.

The Court may properly consider the webpages from MDLIVE's and Cigna's websites under Federal Rule of Evidence 201(b) at Exhibits C, D, G, I, and J because consideration of these Exhibits is appropriate under the incorporation by reference doctrine.

"[C]ourts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Under the incorporation by reference doctrine, courts may consider any documents that are "*integral to or explicitly relied upon* in the complaint" when considering a motion to dismiss that complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). This doctrine allows the court to consider "undisputedly authentic document[s] . . . if plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "A plaintiff may not avoid a motion to dismiss simply by 'failing to attach

or explicitly cite' texts or documents integral to or on which the claim is based." *Crisdon v. City of Camden*, No. 1:11-02087 (NLH/KMW), 2012 WL 685874, at *2 (D.N.J. Mar. 2, 2012) (quoting *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003)). The incorporation by reference doctrine prevents plaintiffs from "select[ing] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 328 (E.D. Pa. 2020) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 587 U.S. 1017 (2019)) (citations omitted).

Here, Plaintiff refers to Exhibits C, D, G, I, and J in her Complaint; indeed, her entire lawsuit centers on her use of Cigna's and MDLIVE's websites. (*See*, *e.g.*, Compl. ¶¶ 1, 8, 12, 80-82, 84.) The Complaint alleges that Plaintiff "logged into her Cigna patient portal and clicked on a link for telehealth services offered through MD Live." (*Id.* ¶ 8.) The Complaint also includes screenshots of the Cigna website's portal linking to MDLIVE's website (*id.* ¶ 80, Fig. 1), as well as the portal to select the type of care on MDLIVE's website (*id.* ¶ 81, Fig. 2). In referring to Cigna's and MDLIVE's portals, Plaintiff also acknowledges that she registered for either myCigna or MDLIVE, although she does not specify which. (*Id.* ¶¶ 8, 81-82.) Because Plaintiff's allegations necessarily depend on the

contents of Exhibits C, D, G, I and J—the home pages and registration pages of Cigna, myCigna, and MDLIVE—it is proper for the Court to consider the portions of Cigna's and MDLIVE's webpages that were omitted from Plaintiff's Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 ("What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim . . . by extracting an isolated statement from a document and placing it in the complaint[.]").

Put simply, consideration of documents not attached to pleadings is appropriate where, as here, the document is "integral to or explicitly relied upon" in the complaint. *See id.*; *see also DiFronzo v. Chiovero*, 406 F. App'x 605, 607 (3d Cir. 2011) (document integral to or specially relied on by complaint may be considered). Plaintiff cannot reasonably dispute the authenticity of any of these Exhibits, and Plaintiff's allegations regarding her activity on MDLIVE's and Cigna's websites necessarily depend on the complete contents of these Exhibits. Thus, it is proper for the Court to incorporate Exhibits C, D, G, I and J by reference to the Complaint.

## III. PUBLICLY AVAILABLE WEBSITES ARE SUBJECT TO JUDICIAL NOTICE.

In addition, the Court may take judicial notice of Exhibits A, B, E, F, and H under Rule 201(b) because they are from publicly available websites "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

### A. MDLIVE's and Cigna's Websites

MDLIVE's and Cigna's terms and conditions, privacy policies, and website notices are analogous to government documents, and materially different from "marketing" and "puffery" material that has been found to be inappropriate for judicial notice. *Cf. Victaulic Co. v. Tieman,* 499 F.3d 227, 236 (3d Cir. 2007), *as amended* (Nov. 20, 2007). In this regard, courts in the Third Circuit routinely take judicial notice of publicly available documents on government websites. *See, e.g.*, *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (holding that documents, "like the SEC filings attached by a number of the defendants, are matters of public record of which the court can take judicial notice"); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (taking judicial notice of documents filed with the SEC).

Indeed, applying this logic, courts regularly take judicial notice of website terms and conditions, privacy policies, and similar content—such as the Cigna and MDLIVE privacy notices and policies in Exhibits E, F, and H—where the website and its contents are integral to the allegations of the complaint and relevant to the issues to be decided. *See Pica v. Delta Air Lines, Inc.*, No. CV 18-2876-MWF (Ex), 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) (judicial notice of privacy policy in deciding motion to dismiss); *Matera v. Google, Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (judicial notice

of archived versions of privacy policy in deciding motion to dismiss); *Opperman v. Path*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (judicial notice of software license agreement, privacy policy, and related documents in deciding motions to dismiss); *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (judicial notice of privacy policy in deciding motion to dismiss); *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014) (judicial notice of privacy policies and terms of use in deciding motion to dismiss).

Courts likewise routinely take judicial notice archived versions of websites accessible through the Wayback Machine. *See Prepared Foods Photo, Inc. v. La Strada Rest., Inc.*, No. 24cv28 (EP) (AME), 2024 WL 3199918, at *4 (D.N.J. June 25, 2024) ("Courts have taken judicial notice of the Internet Archive.").

**B. Technical Websites and Internet Technologies**

Courts across the country have also taken judicial notice of publicly available materials that provide insight into the technical workings of technologies that are at issue in a complaint, as well as commonly known facts about internet technologies, such as those in Exhibits A and B. *See S. Grouts & Mortars, Inc. v. 3M Co.*, No. 07-61388-CIV COOKE/BROWN, 2008 WL 11333151, at *2 n.3 (S.D. Fla. Apr. 29, 2008) (taking judicial notice of third-party materials that detail the functionality of online marketing technologies); *see also Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc.*, No. CV 16-00634 JMS-KJM, 2024 WL

4186687, at *19 (D. Haw. Sept. 12, 2024) (taking judicial notice of a number of publicly available news sources, including "an informational webpage" detailing the status of an electricity plant); *Carter v. Oath Holdings, Inc.*, No. 17-cv-07086-BLF, 2018 WL 3067985, at *1 (N.D. Cal. June 21, 2018) (taking judicial notice of the commonly known facts about the technical processes behind internet search engines).

This Court should do the same here and take judicial notice of MDLIVE's and Cigna's Privacy Policies and the technical websites cited in the Motion to Dismiss explaining how the technologies at issue function.

## IV. CONCLUSION

For these reasons, Defendant respectfully requests that the Court incorporate by reference or take judicial notice of the documents attached as **Exhibits A through J** to the **Cheung Declaration**.

Dated: August 11, 2025

By: */s/ Katherine E. Driscoll*

Katherine E. Driscoll (328688)
Morrison & Foerster llp
2100 L Street, NW Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
KDriscoll@mofo.com

Joe Nguyen (93638)
Bridget C. Giroud (321289)
Stradley Ronon Stevens & Young llp
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: (215) 564-8000
Facsimile: (215) 564-8120
JNguyen@stradley.com
BGiroud@stradley.com

*Counsel for Defendants*
*Evernorth Health, Inc. and MDLIVE, Inc.*

**CERTIFICATE OF SERVICE**

I, Katherine E. Driscoll, hereby certify that on August 11, 2025, the foregoing document was filed electronically with the Clerk of the Court using the ECF system. This document is available for reviewing and downloading from the ECF system.

*/s/ Katherine E. Driscoll*

Katherine E. Driscoll