UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ERIN YATES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EVERNORTH HEALTH, INC. and MDLIVE, INC.,

Defendants.

Case No. 2:25-cv-02773-PD

JURY TRIAL DEMANDED

**DEFENDANTS EVERNORTH HEALTH, INC. AND MDLIVE, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Evernorth Health, Inc. and MDLive, Inc. (together, "Defendants") hereby answer Plaintiff's Complaint. Any and all allegations not specifically admitted herein are denied. To the extent the Complaint asserts conclusions of law, such conclusions of law require no response. To the extent any response is required to headings or other unnumbered paragraphs in the Complaint, Defendants deny the factual allegations, if any, contained in such headings or unnumbered paragraphs.

1. Defendants admit that Plaintiff purports to bring a class action against Defendants. Defendants deny that a class can be certified in this case. Defendants admit that MDLive, Inc. maintains www.mdlive.com and patient.mdlive.com, and that MDLive, Inc. is a management services company that facilitates the scheduling of telehealth services with professional corporations. Except as otherwise stated, Defendants deny the allegations in paragraph 1 of the Complaint or lack information sufficient to form a belief as to the truth of those allegations and therefore deny them.

2. Defendants admit that MDLive, Inc. is a management services company that facilitates the scheduling of telehealth services with professional corporations and that Evernorth Health, Inc. acquired MDLive, Inc. in 2021. Except as otherwise stated, Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants admit that Evernorth Health, Inc. is a subsidiary of The Cigna Group, and MDLive, Inc. is a subsidiary of Evernorth Health, Inc. Except as otherwise stated, Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore deny them. Defendants further state that insofar as allegations in paragraph 4 state conclusions of law, no response is required.

5. To the extent paragraph 5 references or purports to summarize, quote, or interpret federal and state statutes, the statutes speak for themselves. Defendants deny any characterization of the statutes that is inconsistent with their content. Defendants further state that insofar as allegations in paragraph 5 state conclusions of law, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny that Plaintiff or any putative class member has suffered any injury or is entitled to any relief in this action, or that there were “illegal acts.” Defendants further state that insofar as allegations in paragraph 7 state conclusions of law, no response is

required. Except as otherwise stated, Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants are without sufficient information to form a belief as to the truth of the allegations related to Plaintiff's alleged experience and therefore deny them. Defendants further state that insofar as the remaining allegations in paragraph 8 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations of paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny them.

10. Defendants admit that MDLive, Inc. is a Delaware Corporation, with its principal place of business at 3350 SW 148th Avenue, Suite 300, Miramar, Florida 33027.

11. Defendants admit that Evernorth Health, Inc. is a Delaware Corporation, with its principal place of business located at 1 Express Way, St. Louis, Missouri 63121.

12. Defendants admit that it maintains and operates www.mdlive.com and patient.mdlive.com, and that MDLive, Inc. is a management services company that facilitates the scheduling of telehealth services with professional corporations. Defendants admit that Evernorth Health, Inc. is a subsidiary of The Cigna Group, and MDLive, Inc. is a subsidiary of Evernorth Health, Inc. Except as otherwise stated, Defendants deny the allegations in paragraph 12 of the Complaint.

13. To the extent paragraph 13 references or purports to summarize, interpret, or quote 28 U.S.C. § 1331, 28 U.S.C. § 1367, or the requirements of 28 U.S.C. § 1332, the statutes speak for themselves, and Defendants deny any characterization of the statutes that is

inconsistent with their content. Defendants deny that Plaintiff (or any member of the putative class) has suffered an injury in fact sufficient to confer Article III standing or that the jurisdictional requirements for class-wide adjudication have been satisfied. Defendants state that insofar as allegations in paragraph 13 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants admit that MDLive, Inc. offers its services to residents in Pennsylvania. Defendants state that insofar as allegations in paragraph 14 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's residency and therefore deny that allegation. Defendants state that insofar as allegations in paragraph 15 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 15 of the Complaint.

16. To the extent paragraph 16 references or purports to summarize, quote, or interpret HIPAA, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content. Defendants state that, insofar as the allegations in paragraph 16 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 16 of the Complaint.

17. To the extent paragraph 17 references or purports to summarize, quote, or interpret the HIPAA Privacy Rule or HHS guidance, the Privacy Rule and guidance speak for themselves, and Defendants deny any characterization of the Privacy Rule or guidance that is inconsistent with their content. Defendants state that, insofar as the allegations in paragraph 17

state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants state that to the extent paragraph 18 references or purports to summarize, quote, or interpret the HITECH Act, the Act speaks for itself, and Defendants deny any characterization of the Act that is inconsistent with their content. Defendants state that, insofar as the allegations in paragraph 18 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 18 of the Complaint.

19. To the extent paragraph 19 references or purports to summarize, quote, or interpret the HIPAA Privacy Rule, the Privacy Rule speaks for itself, and Defendants deny any characterization of the Privacy Rule that is inconsistent with its content. Defendants state that, insofar as the allegations in paragraph 19 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 19 of the Complaint.

20. To the extent paragraph 20 references or purports to summarize, quote, or interpret the HIPAA Privacy Rule, the Privacy Rule speaks for itself, and Defendants deny any characterization of the Privacy Rule that is inconsistent with its content. Defendants state that, insofar as the allegations in paragraph 20 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants state that insofar as allegations in paragraph 21 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants state that insofar as allegations in paragraph 22 and its subparts state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 22 and its subparts.

23. To the extent paragraph 23 references or purports to summarize, quote, or interpret HIPAA, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content. Defendants further state that insofar as allegations in paragraph 23 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 23 of the Complaint.

24. To the extent paragraph 24 references or purports to summarize, quote, or interpret HIPAA or the HHS bulletin, the statute and the bulletin speak for themselves, and Defendants deny any characterization of the statute or the bulletin that is inconsistent with their content. Defendants further state that insofar as allegations in paragraph 24 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 24 of the Complaint.

25. To the extent paragraph 25 references or purports to summarize, quote, or interpret an HHS bulletin, the bulletin speaks for itself, and Defendants deny any characterization of the bulletin that is inconsistent with its content. Defendants further state that insofar as allegations in paragraph 25 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants state that insofar as allegations in paragraph 26 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 26 of the Complaint.

27. To the extent paragraph 27 references or purports to summarize, quote, or interpret an HHS bulletin, the bulletin speaks for itself, and Defendants deny any characterization of the bulletin that is inconsistent with its content. Defendants further state that insofar as allegations in paragraph 27 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 27 of the Complaint.

28. To the extent paragraph 28 references or purports to summarize, quote, or interpret an HHS bulletin, the bulletin speaks for itself, and Defendants deny any characterization of the bulletin that is inconsistent with its content. Defendants further state that insofar as allegations in paragraph 28 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 28 of the Complaint.

29. To the extent paragraph 29 references or purports to summarize, quote, or interpret a joint press release by the FTC and HHS, the press release speaks for itself, and Defendants deny any characterization of the press release that is inconsistent with its content. Defendants further state that insofar as allegations in paragraph 29 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 29 of the Complaint.

30. Responding to paragraph 30 of the Complaint, Defendants deny the allegations in paragraph 30 of the Complaint.

31. To the extent paragraph 31 references or purports to summarize, interpret, or quote any portion of a webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its contents. Except as otherwise stated,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny them.

32. Defendants state that to the extent paragraph 32 references or purports to summarize, interpret, or quote any portion of Google webpages, the webpages speak for themselves, and Defendants deny any characterization of the webpages that are inconsistent with their contents. Except as otherwise stated, Defendants lack information to form a belief as to the truth of the allegations in paragraph 32 and therefore deny them.

33. Defendants deny the allegations of paragraph 33 in the Complaint or lack information sufficient to form a belief as to the allegations of paragraph 33 and therefore deny them.

34. To the extent paragraph 34 references or purports to summarize, interpret, or quote any portion of a Google webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its contents. Except as otherwise stated, Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants state that to the extent paragraph 35 references or purports to summarize, interpret, or quote any portion of a Google webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its content. Except as otherwise stated, Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny them.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny them. To the extent the allegations in paragraph 38 relate to the Website (www.mdlive.com), Defendants deny the allegations in paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny them. To the extent the allegations in paragraph 39 relate to the Website, Defendants deny the allegations in paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny them. To the extent the allegations in paragraph 40 relate to the Website, Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41 of the Complaint or lack information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. To the extent paragraph 42 references or purports to summarize, interpret, or quote any portion of a Google webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its contents. Except as otherwise stated, Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny them.

44. To the extent paragraph 44 references or purports to summarize, interpret, or quote any portion of a webpage or other source, the webpage or other source speaks for itself, and Defendants deny any characterization of the webpage or other source that is inconsistent with its contents. Except as otherwise stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny them.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny them.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny them.

47. To the extent paragraph 47 references or purports to summarize, interpret, or quote any portion of a Google webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its contents. Except as otherwise stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny them.

48. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 48 of the Complaint. To the extent the allegations in paragraph 48 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny them.

49. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 49 of the Complaint. To the extent the allegations

in paragraph 49 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny them.

50. Defendants state that insofar as allegations in paragraph 50 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants state that insofar as allegations in paragraph 51 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 51 of the Complaint.

52. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 52 of the Complaint. To the extent the allegations in paragraph 52 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore deny them.

53. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 53 of the Complaint. To the extent the allegations in paragraph 53 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny them.

54. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 54 of the Complaint. To the extent the allegations in paragraph 54 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny them.

55. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com,

Defendants deny the allegations in paragraph 55 of the Complaint. To the extent the allegations in paragraph 55 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore deny them.

56. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 56 of the Complaint. To the extent the allegations in paragraph 56 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny them.

57. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 57 of the Complaint. To the extent the allegations in paragraph 57 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny them.

58. To the extent paragraph 58 references or purports to summarize, interpret, or quote any portion of a Google webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its contents. Except as otherwise stated, Defendants deny the allegations in paragraph 58 of the Complaint.

59. To the extent paragraph 59 references or purports to summarize, interpret, or quote any portion of a Pixel Privacy webpage, the webpage speaks for itself, and Defendants deny any characterization of the Pixel Privacy webpage that is inconsistent with its contents. Except as otherwise stated, Defendants deny the allegations in paragraph 59 of the Complaint.

60. To the extent paragraph 60 references or purports to summarize, interpret, or quote any portion of the NDSS report, the report speaks for itself, and Defendants deny any

characterization of the report that is inconsistent with its contents. Except as otherwise stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny them.

61. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 61 of the Complaint. To the extent the allegations in paragraph 61 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny them.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny them.

63. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 63 of the Complaint. To the extent the allegations in paragraph 63 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny them.

64. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 64 of the Complaint. To the extent the allegations in paragraph 64 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore deny them.

65. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 65 of the Complaint. To the extent the allegations in paragraph 65 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore deny them.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants state that public records indicate that Meta owns Facebook. To the extent the remaining allegations in paragraph 67 reference or purport to summarize, interpret, or quote any portion of an article and webpages, those materials speak for themselves, and Defendants deny any characterization of those materials that is inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore deny them.

68. To the extent paragraph 68 references or purports to summarize, interpret, or quote any portion of Facebook webpages, the webpages speak for themselves, and Defendants deny any characterization of the webpages that is inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore deny them.

69. To the extent paragraph 69 references or purports to summarize, interpret, or quote any portion of Facebook webpages, the webpages speak for themselves, and Defendants deny any characterization of the webpages that is inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore deny them.

70. To the extent paragraph 70 references or purports to summarize, interpret, or quote any portion of a Facebook webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its content. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore deny them.

71. To the extent paragraph 71 references or purports to summarize, interpret, or quote any portion of Facebook webpages, the webpages speak for themselves, and Defendants deny any characterization of the webpages that is inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and therefore deny them.

72. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 72 of the Complaint. To the extent the allegations in paragraph 72 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore deny them.

73. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 73 of the Complaint. To the extent the allegations in paragraph 73 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore deny them.

74. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 74 of the Complaint. To the extent the allegations in paragraph 74 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny them.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore deny them.

76. Defendants state that insofar as allegations in paragraph 76 state conclusions of law, no response is required. To the extent the allegations require a response and relate to

www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 76 of the Complaint. To the extent the allegations in paragraph 76 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny them.

77. Defendants state that insofar as allegations in paragraph 77 state conclusions of law, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and therefore deny them. Except as otherwise stated, Defendants deny the allegations in paragraph 77 of the Complaint.

78. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 78 of the Complaint. To the extent the allegations in paragraph 78 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore deny them.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants state that it maintains www.mdlive.com and patient.mdlive.com, and that MDLive, Inc. is a management services company that facilitates the scheduling of telehealth services with professional corporations. Defendants further state that Evernorth Health, Inc. is a subsidiary of The Cigna Group, and MDLive, Inc. is a subsidiary of Evernorth Health, Inc. Defendants also state that certain Cigna members may access MDLive, Inc.'s services through their myCigna portal. Defendants further state that to the extent paragraph 80 references or purports to summarize, interpret, or quote any portion of a webpage, the webpage speaks for itself, and Defendants deny any characterization of the webpage that is inconsistent with its

contents. Except as otherwise stated, Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants state that to the extent paragraph 81 references or purports to summarize, interpret, or quote any portion of a webpage, the webpage speaks for itself, and Defendants deny any characterization of its webpage that is inconsistent with its contents. Except as otherwise stated, Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants state that insofar as the allegations in paragraph 85 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 85 of the Complaint.

86. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 86 of the Complaint. To the extent the allegations in paragraph 86 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore deny them.

87. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 87 of the Complaint. To the extent the allegations in paragraph 87 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore deny them.

88. To the extent the allegations relate to www.mdlive.com or patient.mdlive.com, Defendants deny the allegations in paragraph 88 of the Complaint. To the extent the allegations in paragraph 88 relate to any other website, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore deny them.

89. Defendants state that insofar as allegations in paragraph 89 state conclusions of law, no response is required. Except as otherwise stated and to the extent a response is required, Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants state that Plaintiff purports to bring a class action against Defendants and represent a proposed class and subclass. Defendants deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants state that insofar as allegations in paragraph 91 state conclusions of law, no response is required. Further responding, Defendants deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants state that Plaintiff seeks to represent a class and subclass. Defendants deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint and its subparts.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants state that Plaintiff purports to reserve the right to modify the class and subclass definitions. Defendants deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations in paragraph 98 of the Complaint.

**COUNT I**
**Violation of the Electronic Communications Privacy Act**
**18 U.S.C. § 2511(1), et seq.**
**(On Behalf of the Nationwide Class)**

99. Defendants reallege and incorporate the responses to the previous allegations of the Complaint. Defendants state that Plaintiff purports to bring this count individually and on behalf of members of a proposed nationwide class. Defendants deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants state, insofar as allegations in paragraph 100 state conclusions of law, no response is required. To the extent paragraph 100 references or purports to summarize, quote, or interpret ECPA, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

101. Defendants state, insofar as allegations in paragraph 101 state conclusions of law, no response is required. Defendants further state that to the extent paragraph 101 references or purports to summarize, quote, or interpret ECPA, the statute speaks for itself, and Defendants

deny any characterization of the statute that is inconsistent with its content. Except as otherwise stated, Defendants deny the allegations in paragraph 101 of the Complaint.

102. Defendants state, insofar as allegations in paragraph 102 state conclusions of law, no response is required. To the extent paragraph 102 references or purports to summarize, quote, or interpret ECPA, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

103. Defendants state that insofar as allegations in paragraph 103 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 103 of the Complaint.

104. Defendants state that insofar as allegations in paragraph 104 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 104 of the Complaint.

105. Defendants state, insofar as allegations in paragraph 105 state conclusions of law, no response is required. To the extent paragraph 105 references or purports to summarize, quote, or interpret ECPA, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

106. Defendants state, insofar as allegations in paragraph 106 state conclusions of law, no response is required. To the extent paragraph 106 references or purports to summarize, quote, or interpret ECPA, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

107. Defendants state, insofar as allegations in paragraph 107 state conclusions of law, no response is required. To the extent paragraph 107 references or purports to summarize, quote, or interpret ECPA, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

108. Defendants state that insofar as allegations in paragraph 108 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 108 of the Complaint.

109. Defendants state that insofar as allegations in paragraph 109 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 109 of the Complaint.

110. Defendants deny the allegations in paragraph 110 of the Complaint.

111. Defendants deny the allegations in paragraph 111 of the Complaint.

112. Defendants deny the allegations in paragraph 112 of the Complaint.

113. Defendants deny the allegations in paragraph 113 of the Complaint.

114. Defendants deny the allegations in paragraph 114 of the Complaint.

115. Defendants deny the allegations in paragraph 115 of the Complaint.

116. To the extent paragraph 116 references or purports to summarize, quote, or interpret 18 U.S.C. § 2511(2)(d), the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content. Defendants further state that

insofar as allegations in paragraph 116 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 116 of the Complaint.

117. Defendants deny the allegations in paragraph 117 of the Complaint.

118. Defendants deny the allegations in paragraph 118 of the Complaint.

119. Defendants state that insofar as allegations in paragraph 119 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 119 of the Complaint.

120. Defendants deny the allegations in paragraph 120 of the Complaint.

121. Defendants state that Plaintiff alleges that she seeks statutory damages under 18 U.S.C. § 2520. Defendants deny that Plaintiff or any putative class member has suffered any injury or is entitled to any relief in this action and further deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations of paragraph 121.

**COUNT II**
**Violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act**
**18 Pa. Cons. Stat. § 5701, *et seq.***
**(On Behalf of the Pennsylvania Subclass)**

122. Defendants reallege and incorporates the responses to the previous allegations of the Complaint. Defendants state that Plaintiff purports to bring this count individually and on behalf of members of the proposed Pennsylvania subclass. Defendants deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations in paragraph 122 of the Complaint.

123. Defendants state, insofar as allegations in paragraph 123 state conclusions of law,

no response is required. To the extent paragraph 123 references or purports to summarize, quote, or interpret 18 Pa. Cons. Stat. § 5703, the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

124. Defendants state, insofar as allegations in paragraph 124 state conclusions of law, no response is required. To the extent paragraph 124 references or purports to summarize, quote, or interpret 18 Pa. Cons. Stat. § 5725(a), the statute speaks for itself, and Defendants deny any characterization of the statute that is inconsistent with its content.

125. Defendants deny the allegations in paragraph 125 of the Complaint.

126. Defendants deny the allegations in paragraph 126 of the Complaint.

127. Defendants deny the allegations in paragraph 127 of the Complaint.

128. Defendants deny the allegations in paragraph 128 of the Complaint.

129. Defendants deny the allegations in paragraph 129 of the Complaint.

130. Defendants state, insofar as allegations in paragraph 130 state conclusions of law, no response is required. Defendants further state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny those allegations. Except as otherwise stated, Defendants deny the allegations in paragraph 130 of the Complaint.

131. Defendants state that insofar as allegations in paragraph 131 state conclusions of law, no response is required. Except as otherwise stated, Defendants deny the allegations in paragraph 131 of the Complaint.

132. Defendants state that Plaintiff alleges that she seeks statutory damages under 18 Pa. Cons. Stat. § 5725(a). Defendants deny that Plaintiff or any putative class member has suffered any injury or is entitled to any relief in this action and further deny that class treatment is appropriate. Except as otherwise stated, Defendants deny the allegations in paragraph 132 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff and putative class members are entitled to any of the requested relief, including the relief requested under the section entitled "Prayer for Relief."

## JURY TRIAL DEMANDED

Defendants state that Plaintiff has demanded a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, Defendants do not, by stating the matters set forth in these defenses, assume the burden of proof or persuasion on any matters as to which Plaintiff has the burden of proof or persuasion. The following affirmative defenses are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defense contained in this Answer. Defendants reserve the right to assert other defenses as information is gathered through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff's and the putative classes' claims are barred, in whole or in part, to the extent that Plaintiff and/or putative class members consented to Defendants' and/or Dermatologist On

Call's use of website analytic and enhancement technologies, such as cookies and pixels, when they registered for an account and because they were on notice of such practices through Defendants' hyperlinked privacy policy, including in the footer of the webpages at issue.

**SECOND AFFIRMATIVE DEFENSE**

**(Assumption of Risk, Voluntary Disclosure)**

Plaintiff's and the putative classes' claims are barred to the extent that Plaintiff and/or putative class members assumed the risk of any browsing information being shared with a public website and to the extent that Plaintiff and putative class members were aware that Defendants or Dermatologist On Call used third-party tracking technology on their respective webpages.

**THIRD AFFIRMATIVE DEFENSE**

**(Reasonableness and Good Faith)**

Plaintiff's and the putative classes' claims are barred, in whole or in part, because Defendants at all times acted in good faith and in compliance with any applicable state and federal laws and/or regulations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Plaintiff's and the putative classes' claims are barred, in whole or in part, because at all times Defendants substantially complied with any applicable law, statutes, and/or regulations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the applicable two-year statute of limitations under ECPA and WESCA. As to the putative classes,

the privacy policy posted on www.mdlive.com and patient.mdlive.com has since at least August 28, 2022, disclosed the potential use of cookies or pixel technologies, placing users on notice of the alleged conduct more than two years before this action was filed. As to Plaintiff specifically, she was on notice of the potential use of cookies, pixels, and similar technologies no later than the date she registered to an account with MDLive, Inc., which she alleges occurred on August 28, 2022, more than two years before she commenced this action. Therefore, Plaintiff has failed to bring their causes of action within the two-year statute of limitations required by ECPA and WESCA.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Injury and No Damage)**

Plaintiff's and the putative classes' claims fail, in whole or in part, because they have not suffered any actual injury or damage caused by Defendants' alleged conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver, Ratification, Acquiescence, Estoppel)**

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of waiver, ratification, acquiescence, and/or estoppel by reason of Plaintiff's and putative class members' continued to use websites or online services after being provided notice of applicable disclosures regarding the potential use of cookies, pixels, and similar technologies.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Class Action Improper)**

This suit may not properly be maintained as a class action because Plaintiff has failed to plead and cannot establish the necessary properly certifiable elements under Fed. R. Civ. P. 23. The deficiencies include, without limitation, that Plaintiff is not an adequate class representative,

her claims are not typical of those of the class, any common issues do not predominate. Instead, individualized issues predominate, the alleged putative class is not ascertainable, nor are its members identifiable, and a class action is not a superior means of adjudication. Plaintiff will be unable to meet the burden of proving all of the elements required to certify a class.

**NINTH AFFIRMATIVE DEFENSE**

**(Statutory Exception Applies)**

Plaintiff's and the putative classes' claims are barred, in whole or in part, because an applicable law, statute, or regulation provides an exception from liability for Defendants, such as ECPA's party-to-the-communication exception. *See* 18 U.S.C. § 2511(d)(2); *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 275 (3d Cir. 2016) (holding plaintiff failed to state a viable wiretapping claim where defendant was either a party to the communication or a party consented). Without admitting that any interception, disclosure, or receipt of communications occurred, and pleaded in the alternative, Defendants assert that to the extent any alleged electronic communications were transmitted to or received by third-party technology providers, such entities would constitute parties to those communications or recipients who consented to the use of their own technologies, which independently bars liability under the ECPA. *See, e.g.*, *Cole v. Quest Diagnostics Inc*., No. 25-1449, 2025 WL 3172640, at *2-3 (3d Cir. Nov. 13, 2025) (when a user's browser sends a GET request to a third-party server, the recipient is a party to that communication and does not eavesdrop on or intercept such communications ); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 145; 152 (3d Cir. 2015) (affirming motion to dismiss ECPA claims because online advertising businesses "were parties to any communications they acquired.").

**TENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

To the extent that Plaintiff claims exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent that Plaintiff claims exemplary or punitive damages, she fails to allege claims or injury sufficient to entitle her to such an award.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Article III Standing)**

Plaintiff and putative class members lack Article III standing because they have not suffered any injury-in-fact that can be fairly traced to Defendants' alleged conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff and putative class members have failed to mitigate their alleged injuries.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Reasonable, Justified)**

At all times, Defendants have acted reasonably and in good faith. Defendants' business conduct is justified, and their business practices do not offend public policy, are not unethical, and do not cause injury to users. Any use of cookies, pixels, and similar technologies was justified because any such use was undertaken pursuant to and in compliance with applicable laws and regulations and the conduct alleged in the Complaint constitutes conduct otherwise permitted by law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Superseding or Intervening Cause)**

Plaintiff and putative classes' claims are barred, precluded, and/or diminished, in whole or in part, by the doctrine of intervening and/or superseding causation because any alleged damages they claim were caused by third parties who were not employees or agents of Defendants or occurred on a webpage that is owned and operated by a third party, not Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Independent Third-Party Disclosure)**

Plaintiff and putative classes' claims are barred, in whole or in part, by agreements that they independently entered into with third parties and/or by their prior disclosure of information to third parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Party)**

Plaintiff and putative classes' claims are barred, in whole or in part, because they have failed to join necessary and indispensable parties to the action, Dermatologist On Call.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Persons or entities other than Defendants may have caused or contributed to the damages Plaintiff and the putative class members allegedly suffered and therefore any award in favor of Plaintiff or the putative class members must be reduced by an amount equal to the percentage of fault of others causing or contributing to the damages alleged.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

Plaintiff and putative classes' WESCA claims are barred, in whole or in part, because they are preempted in this context by applicable federal law.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Ordinary Course of Business)**

Plaintiff and putative classes' claims are barred, in whole or in part, because any actions alleged in the Complaint were undertaken in the ordinary course of Defendants' lawful business and consistent with the Defendants' established course of dealing, course of performance, and/or industry custom and practice. Defendants' conduct was commercially reasonable, authorized, and justified.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Evernorth Health, Inc. and MDLive, Inc. pray for the following relief:

1. That judgment on the Complaint, and on each cause of action alleged in the Complaint, be entered in favor of Defendants;

2. That this Court finds that this suit cannot be maintained as a class action;

3. That this Court denies Plaintiff or members of the purported class and subclass relief of any kind;

4. That Defendants be awarded its costs incurred, including reasonable attorneys' fees; and

5. For such other or further relief as this Court may deem just and proper.

Dated: December 24, 2025

Respectfully submitted,

By: /s/ *Katherine E. Driscoll*

Katherine E. Driscoll (328688)
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763
KDriscoll@mofo.com

TIFFANY CHEUNG
(admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Email: TCheung@mofo.com

ELISABETH HUTCHINSON (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
Telephone: (303) 592-1500
Email: EHutchinson@mofo.com

JOE NGUYEN (93638)
BRIDGET C. GIROUD (321289)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103
Telephone: (215) 564-8000
Email: JNguyen@stradley.com
Email: BGiroud@stradley.com

*Counsel for Defendants Evernorth Health, Inc. and MDLive, Inc.*